GEORGE N. WILBER, Respondent, *v.* THE WILLIAMSBURGH CITY FIRE INSURANCE COMPANY, Appellant.

S. & Co., plaintiff's assignors, obtained, through a broker, a policy of fire insurance from defendant; they paid the premium to the broker, who retained it. The policy contained this clause: "If any broker or other person than the assured have procured this policy * * *, he shall be deemed to be the agent of the assured and not of this company in any transaction relating to the insurance." Defendant notified the assured of the non-payment, and that by reason thereof, the insurance would be terminated at a day specified, and upon being advised by S. & Co. that the premium had been paid to the broker, called their attention to said clause, and stated that the broker was not its agent and that the delivery of money to him was not payment. Defendant noted on its books a cancellation of the policy and thereafter the property insured was destroyed by fire. In an action upon the policy, the question as to whether the broker was defendant's agent, was submitted to the jury. *Held,* error; also that the question was not affected by the fact that the policy was delivered before the payment of premium; and that to show that the broker was not the agent of the assured when he received the money was not sufficient, it was necessary to show that he was defendant's agent.

(Argued November 15, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 14, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action upon a policy of fire insurance.

The facts, so far as material, are stated in the opinion.

*Osborn E. Bright* for appellant. The plaintiff was not entitled to recover because the assured had failed to furnish

proofs of loss. (*Brink* v. *H. F. Ins. Co.*, 70 N. Y. 593 ; *Good-win* v. *Ins. Co.*, 73 id. 480 ; *Prentice* v. *Ins. Co.*, 77 id. 483 ; *Brink* v. *Ins. Co.*, 80 id. 108 ; *Keeney* v. *Ins. Co.*, 71 id. 386 ; *Devens* v. *Ins. Co.*, 83 id. 173.) The cancellation of the policy by the company was effectual. (*Rorhbach* v. *G. F. Ins. Co.*, 62 N. Y. 47 ; *Alexander* v. *Ins. Co.*, 66 id. 464 ; *Mellen* v. *Ins. Co.*, 17 id. 609 ; *Hodge* v. *Ins. Co.*, 33 Hun, 583 ; *Devens* v. *M. & F. Ins. Co.*, 83 N. Y. 168 ; *P. M. F. Ins. Co.* v. *M. S. I. Co.*, 100 Penn. St. 137 ; *C. P. I. Co.* v. *A. Ins. Co.*, 53 Hun, 220, 226 ; *Griffey* v. *Ins. Co.*, 100 N. Y. 417 ; *Van Valkenburg* v. *Ins. Co.*, 51 id. 465 ; *Stone* v. *Ins. Co.*, 105 id. 543.) It was error to admit evidence of the custom of Leslie's father, during a period of ten years, in dealing with insurance brokers in obtaining insurance ; and it was also error to admit evidence of the custom in dealing with brokers to deliver the policy to them and look to the broker for the premium. (*Easterly* v. *Cole*, 3 N. Y. 503 ; *Wells* v. *Bailey*, 49 id. 474 ; *Bradley* v. *Wheeler*, 44 id. 500, 503 ; *Higgins* v. *Moore*, 34 id. 425 ; *Fellows* v. *Mayor*, 17 Hun, 249 ; 2 Pars. on Cont. 541, 547 ; *Westcott* v. *Thompson*, 18 N. Y. 367 ; *F., etc., Bank* v. *Logan*, 74 id. 586 ; *Collender* v. *Dinsmore*, 55 id. 200.)

*A. C. Aubery* for respondent. This court will not review the decision of the court below on questions of fact as to which either the evidence or the inferences to be drawn from the evidence are conflicting. (*Wright* v. *Brown*, 67 N. Y. 1 ; Code Civ. Pro. § 1337 ; *In re Ross*, 87 N. Y. 514 ; *Van Tuyl* v. *W. Ins. Co.*, 55 id. 657 ; *Hynes* v. *McDermott*, 91 id. 451 ; *People* v. *French*, 92 id. 306.) There was a waiver by the defendant of the presentation of formal proofs of loss by the assured. (*Grattan* v. *M. L. Ins. Co.*, 80 N. Y. 281, 289 ; *Hochester* v. *DeLaTour*, 2 El. & Bl. 678 ; *D., etc., Ins. Co.* v. *Xenos*, 13 C. B. [N. S.] 825 ; *Shaw* v. *R. F. Ins. Co.*, 69 N. Y. 286, 292 ; *Burtis* v. *Thompson*, 42 id. 246 ; *Dugan* v. *Anderson*, 36 Md. 567 ; *Halloway* v. *Griffith*, 32 Ia. 409 ; *N. & N. Y. T. Co.* v. *W. M. Ins. Co.*, 34 Conn. 561 ; *Taylor* v. *M. F. Ins. Co.*, 9 How. [U. S.] 390 ; *P. Ins. Co.* v.

*Dougherty*, 102 Penn. St. 568; *Pike* v. *W. A. Co.*, 51 Miss. 37; *P. Ins. Co.* v. *Reynolds*, 32 Gratt. 613, 629; *Zielke* v. *L. A. Co.*, 64 Wis. 442; *Campbell* v. *A. F. Ins. Co.*, 73 id. 110; *Boyd* v. *C. R. Ins. Co.*, 70 Ia. 325; *B. & S. W. Co.* v. *A., F. & M. Ins. Co.*, 20 Fed. Rep. 232; *L. M. Ins. Co.* v. *Erb*, 112 Penn. St. 149, 160; *Francis* v. *O. Ins. Co.*, 6 Cow. 404.) The evidence given in this action was sufficient to sustain the verdict of the jury and the affirmance thereof by the General Term. (*Van Valkenburgh* v. *L. F. Ins. Co.*, 51 N. Y. 465; *Griffey* v. *N. Y. C. & H. R. R. R. Co.*, 100 id. 420; *Grattan* v. *M. Ins. Co.*, 80 id. 289; *Goodwin* v. *M. M. L. Ins. Co.*, 73 id. 480.) The charge of the court that "the return of the premium and the cancellation must be concurrent acts," was correct. (*Van Valkenburgh* v. *L. F. Ins. Co.*, 51 N. Y. 420; *Griffey* v. *N. Y. C. Ins. Co.*, 100 id. 420; May on Ins. [2d ed.] § 67; *McMichael* v. *Kilmer*, 76 N. Y. 36; *Utter* v. *Stuart*, 30 Barb. 20; *Axtel* v. *Chase*, 77 Ind. 74; *Doughton* v. *C., etc., Assn.*, 41 N. J. Eq. 556; *Spencer* v. *St. Clair*, 57 N. H. 9; *Tisdale* v. *Buckmore*, 33 Me. 461; *Cocke* v. *Rucke*, 34 Miss. 105; *Haase* v. *Mitchell*, 58 Ind. 213; *Hammond* v. *Buckmaster*, 22 Vt. 375; *Blake* v. *Nelson*, 29 La. Ann. 245; *Croft* v. *Wilbur*, 7 Allen, 248; *Burger* v. *C. R. R. Co.*, 32 Ia. 101; *Barber* v. *Lyon*, 8 Blackf. 215; *C. S. Nav. Co.* v. *Wright*, 8 Cal. 585; *Griffith* v. *Bank*, 6 G. & J. 424; *Masson* v. *Booet*, 1 Den. 69; *Potter* v. *Titcomb*, 22 Me. 300; *Evans* v. *Gale*, 17 N. H. 573.)

PARKER, J. The plaintiff's assignors, Leslie & Co., through Sands & Flynn, brokers, obtained a policy of insurance from the defendant against loss by fire, dated September 12, 1885. Subsequently, and in two instalments they gave to the brokers the amount of the premium, who retained it. The defendant, not having received it on December 19th following, sent to the insured a registered letter, which, after describing the policy and asserting the omission to pay the premium, concluded as follows: "And by reason of such non-payment the said company hereby gives you notice that from and after

December 24th, 1885, the said insurance is terminated and the said company hold you liable only for the earned premium up to this date. All done in accordance with terms and stipulations of said policy." Leslie & Co. in reply stated: "We hold the receipt for the premium on our policy and have paid money to Mr. Sands on the same, therefore shall hold you responsible in case of fire until the expiration of the policy. If Mr. Sands has not paid you any money we cannot help it, as we looked upon him as your agent." On the day of the receipt of the letter the defendant replied: "If you will kindly refer to the 5th clause of our policy, first paragraph, you will find that the broker is the agent of the assured. Your giving money to Mr. Sands or any other person to bring to us is not payment to us if we do not receive the same. Parties have it always in their own control to secure themselves by drawing checks to the order of the company in which case they would have a voucher that payment had been made. Mr. Sands is not employed by us."

The defendant upon its books noted a cancellation of the policy, and no further steps were taken in that matter until after March 7, 1886, on which date the property described in the policy was destroyed by fire. Then Leslie & Co. demanded payment for the loss sustained to the extent stipulated in the policy, which was refused by the defendant upon the ground that the policy had been cancelled prior to the loss; hence this action which resulted in favor of the plaintiff, the trial court holding that if the broker was the agent of the defendant then payment to him was, in legal effect, a payment to the defendant and it could not thereafter, under the terms of the policy, cancel it without returning the unearned premium to the assured. Whether he was an agent of the defendant was held to be a question of fact for the jury, and defendant's motion to direct a verdict was denied. This, we think, was error. It was stipulated in the contract of insurance that "If any broker or other person than the assured have procured this policy or any renewal thereof, or any endorsement thereon he shall be deemed to be the agent of the assured

and not of this company in any transaction relating to the insurance."

It was entirely competent for the parties to agree that a third person participating in the negotiations, should, for the purpose of procuring the policy be deemed an agent of the assured. (*Rohrbach* v. *Germania F. Ins. Co.*, 62 N. Y. 47; *Alexander* v. *Germania F. Ins. Co.*, 66 id. 464.)

In construing a clause which in its essential features is like that before us, this court in the *Hermann* case (100 N. Y. 411), held that in effect it declared a person other than the assured should not at any stage of the transactions growing out of the application for insurance or flowing from the policy subsequently issued, be deemed to be the agent of the company, but should be deemed the agent of the assured until after the inception of the contract. Whether he thereafter represent the assured, is dependent upon actual authority conferred otherwise than by the contract of insurance.

Plaintiff urges that inasmuch as the contract was delivered before the premium was paid, that the *Hermann* case supports his position, in that it declares that the contract does not constitute the broker an agent of the assured beyond the inception of the contract. Without intending to intimate an agreement with plaintiff's contention in such respect, it is sufficient to suggest that if it should be so held it could not avail him. To show that the man to whom his assignors paid the amount of the premium was not their agent at the moment of payment is not sufficient. His position can only be supported by proof that the brokers were the agents of the defendant for that purpose. Now, while the defendant could have waived the benefit of this provision in the policy, or might have adopted a course of action which would have estopped it from claiming the benefit of it, it did neither. There is no suggestion of waiver. On the contrary, the correspondence shows that the defendant insisted upon its rights under the agency clause. Neither is there any intimation that the doctrine of estoppel is applicable. Indeed, instead of misleading Leslie & Co. to their injury, the defendant pointed out to them

months before the burning the only course open if they would retain their insurance. It put them in possession of the reason why it had determined to cancel the policy. It notified them that it would be done on a given day. The assured are not even in position to assert ignorance of the clause relating to the agency, because the defendant, in its letter, pointed it out to them with distinctness, and, further, with the assurance that it should stand upon it. But the assured, with full knowledge of the situation, took no steps to protect themselves by procuring other insurance from this defendant or some other company, but let the matter rest until confronted with a loss. Clearly there is not the slightest foundation for an estoppel. But even if the assured could be permitted to overbear a stipulation in a contract to the effect that a broker was not the agent of the defendant in procuring the insurance, there was no evidence in this case to support such a finding.

It appears that the defendant never had any dealings or transactions with the brokers except in connection with the application for insurance for Leslie & Co. One of them (Sands) personally applied for the insurance; the application was granted and policy made out; the names and address of Sands & Flynn indorsed thereon, and either sent to the brokers or handed to them. In no other way does the evidence connect the brokers with the defendant.

Neither of the brokers was sworn, and while what took place between the brokers and Leslie & Co., considered by itself, would have but little, if any, bearing upon the question, it certainly does not tend to show that Sands & Flynn were defendant's agents. Sands, who had to do with this transaction, had some years previous been in the employ of Leslie's father. Leslie was at that time in the same employment, and knew Sands. Sands called upon Leslie & Co. and asked to be permitted to place some insurance for them, which was assented to. Nothing was said about this or any particular company. The whole matter of the selection of the company was entrusted to Sands. The policy was procured and delivered to Leslie & Co., and nothing further occurred between

them except that Leslie testified that afterwards Sands called upon him and asked for the premium. "He said the company was pushing him for it, and he would like to have me pay it." But this expression is made to harmonize with the general trend of the evidence, that apart from the stipulation the brokers represented the assured, by evidence introduced on the part of the plaintiff, which showed that by custom the broker is recognized for the time being as an intermediary, and if he fails to pay over his collection to the insurer it then resorts to the assured.

The judgment should be reversed.

All concur.

Judgment reversed.