(22 Misc. Rep. 434.)

## LOUNSBURY v. DUCKROW.

(Onondaga County Court.　January, 1898.)

1. INSURANCE—RECOVERY OF PREMIUM—ACTION BY AGENT—EVIDENCE.
   In the absence of evidence of a right to subrogation, or by assignment, an agent of an insurance company was not entitled to bring an action in his own name to recover the premium due on a policy issued by him.

2. SAME—PARTIES TO ACTION—GENERAL DENIAL—DEFECT OF PROOF.
   Though Code Civ. Proc. §§ 498, 499, assume a right of action in plaintiff where no defect of parties is specifically pleaded, they do not supply a defect in proof, in an action brought by an insurance agent in his own name for a premium due his company, where his right to recover was put in issue by a general denial.

3. SAME—AUTHORITY TO COLLECT PREMIUM—CONCLUSIVENESS OF JUDGMENT.
   Where it appeared, under a plea of payment, in an action for the premium due on an insurance policy, that such policy was obtained by a broker, who collected the premium and absconded therewith, a judgment in favor of defendant was conclusive, as it could not be said, as a matter of law, that such broker did not have authority to collect such premium.

Appeal from municipal court of Syracuse.

Action by Wales B. Lounsbury against Franklin Duckrow for the premium on an insurance policy issued by plaintiff, as agent, and by him delivered to one Chase, an insurance broker, who collected the premium due thereon, and absconded. Defendant's answer was a general denial and a plea of payment. From a judgment in favor of defendant, for costs, plaintiff appeals. Affirmed.

Carley & Turner, for appellant.
Goodelle & Nottingham (W. F. Hodge, of counsel), for respondent.

ROSS, J.　There is no evidence bringing the plaintiff within the rules permitting an agent to bring an action in his own name. Story, Ag. § 393. The evidence of the plaintiff shows, or tends to show, a liability upon the part of the defendant to the insurance company, but does not in any way, by proof of the right to subrogation, or by assignment, connect the plaintiff with such right.

It is claimed by the plaintiff's attorneys that, by not specifically pleading that the plaintiff was not the real party in interest, or demurring, such objection is waived. I think the right of the plaintiff to recover was challenged in every particular by the answer of a "general denial," which, as is stated in one of our text-books, "requires the plaintiff to prove every fact which is essential to his cause of action. It puts in issue every material allegation in the complaint, and therefore imposes upon the plaintiff the burden of substantiating every part of his case by legal competent evidence. And the effect of the denial is not confined merely to putting in issue all the facts which are directly alleged in the complaint, for it also puts in issue every application or conclusion of law which arises out of the facts stated therein." 2 Wait, Law & Prac. 651.

The provisions of the Code of Civil Procedure (sections 498, 499), requiring the defendant to take advantage of or specifically to plead a defect of parties, or, if not so pleaded, declaring that the same is waived, assume, if such objection is not taken, a right of action in the plaintiff in the capacity or in the form in which it is brought. They do not change the rules of pleading, so as to require a specific denial as to each fact constituting plaintiff's case, which would be no more comprehensive than a general denial; much less do these provisions supply a defect in proof. I also think that the case squarely presented a question of fact for the trial court as to whether the broker was the agent for the insured or the company,—whether, from the course of dealings between the broker and the plaintiff before the transaction in question and intrusting him with the policy, the broker had not implied authority to collect the premium in this case. At least, it cannot be said, as a matter of law, that he did not have such authority. Greenwich Ins. Co. v. Union Dredging Co., 8 N. Y. St. Rep. 353. And the trial judge having rendered a judgment in favor of the defendant is conclusive, not only as to every matter proved, but as to every matter embraced in the pleadings. Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292. A verdict settles, in favor of the prevailing party, every question of fact litigated upon the trial. Wolf v. Insurance Co., 43 Barb. 400.

The opinion of the learned judge is no part of the record, and is only valuable as explaining the reasons of the judge for his judgment. Agan v. Hey, 30 Hun, 591; Robinson v. Railroad Co., 64 Hun, 47, 48, 18 N. Y. Supp. 728. Judgment affirmed, with costs.