be permitted to leave his case in a position as consistent with the exercise of due care as with negligence; but this rule was satisfied in the case at bar by testimony to the effect that, in any aspect of the case, the car was started again by the conductor before the plaintiff was fairly off. As the case stood when the plaintiff rested, there was sufficient testimony, if true, to warrant the jury in rendering a verdict for the plaintiff, and the credibility of the testimony should have been submitted to the jury.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(26 Misc. Rep. 394.)

MANHATTAN FIRE INS. CO. OF CITY OF NEW YORK v. HARLEM RIVER LUMBER & WOOD-WORKING CO.

(Supreme Court, Appellate Term. February 24, 1899.)

1. INSURANCE—BROKERS—AGENCY.
    Insured returned a policy for cancellation to brokers who had procured it for him, and they canceled it and procured another to replace it. *Held* that, in procuring the second policy, the brokers were agents of insured.

2. SAME—RATIFICATION BY INSURED.
    After insurance brokers had been instructed by a customer not to write any further insurance for them until requested, the customer mailed them a policy for cancellation, and the brokers canceled it, but procured a new one to replace it, which they mailed to insured. He acknowledged receipt of it, and requested that no new policy be written without authorization, and then took it to another broker for examination, intending to keep it if the company "stood well," and returned it after retaining it 12 days. *Held*, that insured had ratified the brokers' act in procuring the policy.

Appeal from municipal court, borough of Manhattan, Second district.

Action by the Manhattan Fire Insurance Company of the City of New York against the Harlem River Lumber & Wood-Working Company. There was a judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Nichols & Bacon, for appellant.

Otis & Pressinger, for respondent.

FREEDMAN, P. J. This action was brought to recover for one month's premium upon a policy of insurance issued by the plaintiff on the 19th day of April, 1898, and retained by the defendant until May 2, 1898, when it was returned to Porter & Anderson, insurance brokers, of the city of New York, through whom it had been obtained, and which policy insured the property of the defendant against loss by fire. The policy, by its terms, provides that in case the insured should at any time request the cancellation of the policy, what is known as "short rates" should be charged by the company, being, as shown on the trial, 20 per cent. of the amount of the annual premium if the policy is canceled within one month from the date of issue, amounting in this case to the sum of $30.64.

There is no dispute upon the material facts proven upon the trial, and therefore a question of law only is presented for the determination of the court.   Birdsall v. Russell, 29 N. Y. 220;   Brady v. Cassidy, 104 N. Y. 147, 10 N. E. 158.   The contention of the defendant on the trial and upon this appeal is that the firm of Porter & Anderson had no authority to procure the policy in question;  their right to obtain insurance for and on behalf of the defendant having been terminated by a letter, sent by defendant and received by said firm April 15, 1898. The policy in question was procured by Porter & Anderson to replace one in another company upon the same property, which policy had been returned to Porter & Anderson by the defendant April 18, 1898.   By the defendant's letter of April 15, 1898, Porter & Anderson were directed by defendant not to write any more insurance for it (defendant) until requested to do so.   The letter also contained a request that Porter & Anderson quote defendant rates in good stock companies, etc.   On April 20, 1898, the defendant received the policy in question from Porter & Anderson, and was informed that it was to replace the canceled one previously returned by defendant.   On the same day the defendant wrote Porter & Anderson, acknowledging the receipt of the policy, which letter also contained these words, "Do not write any new policies without authorization from us."

The witness Anderson, one of the firm of Porter & Anderson, testifies that he did not consider the obtaining of the policy in question prohibited by the letter of April 15, 1898, as he considered that it was not "new" business, but a renewal of an old policy his firm had previously taken out for defendant, and which had been returned and canceled; and that seems to have been the view taken by the defendant, as, when they acknowledged the receipt of the policy on April 20, 1898, they say, "Do not write any new policies without authorization from us."   The plaintiff issued the policy in question in the regular order of business, and without notice of the relations existing between the defendant and Porter & Anderson.   The manager of the defendant testified that he took the policy in question to a broker for his examination, intending to keep the policy if the company "stood well."   No objection, however, was made to the standing of the company when the policy was returned or upon the trial.

Porter & Anderson were the agents of the defendant, and not the agents of the plaintiff, in obtaining the insurance.   Wilber v. Insurance Co., 122 N. Y. 439, 25 N. E. 926.   The plaintiff was undoubtedly liable upon the policy in case of a loss while in the hands of the defendant. Excelsior Fire Ins. Co. v. Royal Ins. Co., 55 N. Y. 343–351.   The defendant, if it intended to repudiate the act of Porter & Anderson, was required to act promptly, and to disaffirm at once;  and only slight acts of confirmation on its part were necessary to be shown.   Myers v. Insurance Co., 32 Hun, 321–327.   The retention of the policy in question from April 20 until May 2, 1898, taken in connection with all the facts and circumstances in the case, should be regarded as a ratification of the act of Porter & Anderson, so far as it affects the right of the plaintiff to recover for the short period claimed in the complaint.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.