In the Matter of the Application of the HEALTH DEPARTMENT OF THE CITY OF NEW YORK, Appellant, v. FREDERICK DASSORI, Respondent, Impleaded with Others.

1. APPEAL FROM REVERSAL STATED TO BE ON A QUESTION OF FACT — QUESTION OF POWER OF REVIEW. On appeal from an order of reversal of the Appellate Division, stating that the reversal was on a question of fact, a question of law arises whether a question of fact was presented upon the evidence for determination, and the Court of Appeals gains jurisdiction to review the case to that extent ; but if that review results in ascertaining that there was a question of fact, the right to review ceases and the appeal must be dismissed.

2. NEW YORK CITY — CONDEMNATION OF UNSANITARY BUILDING — REVERSAL OF ORDER OF CONDEMNATION ON QUESTION OF FACT. When, on appeal from an order of the Appellate Division reversing a judgment in favor of the health department of the city of New York for the condemnation and destruction of a building, in a proceeding instituted under chapter 567 of the Laws of 1895, and stating that the reversal was on a question of fact, the record discloses that the evidence, although uncontradicted, was not necessarily conclusive as to the necessity for destruction, it follows that there was a question of fact upon the evidence, and the Court of Appeals is therefore precluded from reviewing the order.

3. AMENDMENT OF ORDER OF REVERSAL. The Appellate Division has power, even after sending down its remittitur of an order of reversal and while an appeal therefrom is pending in the Court of Appeals, to amend the order by inserting a statement that the reversal was on a question of fact, and the exercise of that power is not reviewable by the Court of Appeals.

*Health Dept. v. Dassori*, 21 App. Div. 348; 24 App. Div. 625, appeals dismissed.

(Argued May 10, 1899; decided June 6, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 3, 1897, reversing a judgment of the Special Term in favor of the plaintiff entered upon the report of a referee, and granting a new trial.

Also, appeal from an order of the same Appellate Division, entered January 12, 1898, made after the transmission to the county clerk of its remittitur of the said order of reversal, and while the appeal from that order was pending in the Court of

Appeals, amending *nunc pro tunc* the order of reversal by inserting the words " on a question of fact " after the words " Ordered that the said final order and the said judgment be and the same hereby are reversed."

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*John Whalen, Corporation Counsel* (*Roger Foster* of counsel), for appellant. The attempted amendment by the Appellate Division of its order so as to state that the reversal was upon the facts does not deprive this court of jurisdiction. (*Benedict* v. *Arnoux*, 154 N. Y. 715; *Otten* v. *M. R. Co.*, 150 N. Y. 395; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Health Dept.* v. *Dassori*, 155 N. Y. 696.) The evidence clearly established that the destruction of the premises was necessary for the abatement of the nuisance. (*M'Culloch* v. *Maryland*, 4 Wheat. 316; *Cromwell* v. *B. & T. M. F. Ins. Co.*, 39 U. C. Q. B. 1; *Atwood* v. *Emery*, 1 C. B. [N. S.] 110; *Goodwin* v. *Cheveley*, 4 H. & N. 635; *Mann* v. *W. A. Co.*, 19 U. C. 314; *H. E. Co.* v. *McHaffie*, L. R. [4 Q. B. D.] 670; *Scammon* v. *G. Ins. Co.*, 101 Ill. 621; *Queen* v. *Inhabitants of Heyop*, 8 Ad. & El. [N. S.] 547; *Roberts* v. *Rose*, L. R. [1 Ex.] 82; *Rex* v. *Pappineau*, 2 Strange, 686.) Irrespective of the considerations which have been already called to the attention of the court, the burden of proof was upon the respondent in this case; and, as he failed to offer any evidence, the recitals in the order of the board of health must be presumed to have been true. (L. 1895, ch. 567; L. 1882, ch. 410, § 620.) Even if the plaintiff were obliged to prove a negative, he proved affirmatively that the evils caused by the nuisance could not be cured except by the destruction of the buildings. (*People* v. *Pease*, 27 N. Y. 45; *Beardstown* v. *Virginia*, 76 Ill. 34, 44; *Commonwealth* v. *Bredford*, 9 Metc. 268; *Calder* v. *Rutherford*, 3 B. & B. 302; 1 Greenl. on Ev. [15th ed.] 120, §§ 78, 80.) Even if the property were not in itself a nuisance, its condemnation and destruction, upon payment of compensation to its owner, for the purpose

of curing the nuisance which it caused in the front tenements owned by Dassori on the same lots and of ventilating the interior of the block where it was located, and thus promoting the health of the inhabitants of the same, would be a justifiable exercise of the power of eminent domain. (*Health Dept. v. Rector, etc.*, 145 N. Y. 32; L. 1897, ch. 378, § 1318; *Commonwealth* v. *Roberts*, 155 Mass. 281; *Matter of Burns*, 155 N. Y. 23; *Matter of Paul*, 94 N. Y. 497; Lewis on Em. Dom. § 188; *Matter of Ryers*, 72 N. Y. 1; *Dingley* v. *Boston*, 100 Mass. 544; *Bancroft* v. *Cambridge*, 126 Mass. 438; *The New Orleans Draining Co.*, 11 La. Ann. 338; *Davidson* v. *New Orleans*, 96 U. S. 97.) Since the property is a public nuisance which can be destroyed without compensation, the owner is estopped from raising any objections to the constitutionality of the act that might be set up by the owners of other buildings. (*Bd. of Suprs.* v. *Stanley*, 105 U. S. 305; Cooley on Const. Lim. [6th ed.] 196; *People* v. *R. & S. R. R. Co.*, 15 Wend. 113; *Smith* v. *Inge*, 80 Ala. 283; *In re Wellington*, 16 Pick. 87; *People* v. *Turner*, 117 N. Y. 227; *State* v. *Becker*, 3 S. Dak. 29; *Bd. of Education* v. *Kenan*, 112 N. C. 566.) There was no error in the proceedings of the commissioners, and the amount awarded by them was in accordance with the evidence. (*Hagaman* v. *Moore*, 84 Ind. 496.) The Court of Appeals has jurisdiction of the appeal. (Code Civ. Pro. § 3334; *Burns* v. *Labagh*, 10 N. Y. S. R. 728; *J. M. Agency* v. *Rothschild*, 155 N. Y. 255; *Van Arsdale* v. *King*, 155 N. Y. 325.) The Appellate Division had no jurisdiction to amend its order after the remittitur had been filed in the county clerk's office, an appeal thence taken to the Court of Appeals and the return filed in the latter court. (*Wilmerdings* v. *Fowler*, 15 Abb. Pr. [N. S.] 86; *People* v. *Casey*, 72 N. Y. 393; *Jones* v. *Anderson*, 71 N. Y. 599.)

*Charles Frederic Adams* and *Frederic R. Coudert, Jr.*, for respondent. If the order now under review is to be deemed to have been effectually amended, so that it may be treated as an order of reversal, which expressly states that

the reversal was "on a question of fact," this appeal should be dismissed. (*Hirshfeld* v. *Fitzgerald*, 157 N. Y. 176; *Benedict* v. *Arnoux*, 154 N. Y. 723; *Otten* v. *M. R. Co.*, 150 N. Y. 400.) The reversal was proper, and should be affirmed by this court, the statute on which this proceeding is based being unconstitutional, at least in any aspect of it in which it can be construed to authorize the judgment of the Special Term in the present case. (*People* v. *Nearing*, 27 N. Y. 306; *Matter of Ryers*, 72 N. Y. 1; *Hartwell* v. *Armstrong*, 19 Barb. 166; *Matter of Albany Street*, 11 Wend. 152; *Cochran* v. *Van Surlay*, 20 Wend. 365; *Embury* v. *Conner*, 3 N Y. 511; *Powers* v. *Bergen*, 6 N. Y. 358; *Matter of E. B. W. & M. Co*, 96 N. Y. 42; *Merrimack Locks* v. *N. R. Co.*, 104 Mass. 1; *Matter of New York*, 135 N. Y. 253.) The Appellate Division had jurisdiction to amend the order of reversal. (*People ex rel.* v. *Vil. of Nelliston*, 79 N. Y. 638; *Bohlen* v. *M. E. R. Co.*, 121 N. Y. 548; *N. Y. Ins. Co.* v. *N. W. Ins. Co.*, 23 N. Y. 357; *Buckingham* v. *Dickinson*, 54 N. Y. 682; *Dalrymple* v. *Williams*, 63 N. Y. 361; *Matter of Pye*, 21 App. Div. 269; *Guernsey* v. *Miller*, 80 N. Y. 183; *Smith* v. *Rathbun*, 88 N. Y. 660; *N. C. Bank* v. *N. Y. G. E. Bank*, 97 N. Y. 645; *Irlbacker* v. *Roth*, 155 N. Y. 664.) The court has no jurisdiction to review the order. (Code Civ. Pro. § 190; *Merriam* v. *W. & P. L. Co.*, 155 N. Y. 136; *Van Arsdale* v. *King*, 155 N. Y. 325; *Stoërzer* v. *Nolan*, 155 N. Y. 667.)

GRAY, J. This was a proceeding instituted by the Health Department of the City of New York, acting under the authority claimed to have been conferred by chapter 567 of the Laws of 1895, to obtain a judgment for the condemnation and destruction of certain buildings owned by the defendant Dassori, in the city of New York. Upon the report of a referee, to whom there had been a reference of the issues, finding in favor of the plaintiff, the Special Term adjudged the condemnation of the buildings and appointed commissioners to ascertain the compensation to be paid to the owner. Upon

appeal to the Appellate Division of the Supreme Court, the plaintiff's judgment was reversed " upon a question of fact " and a new trial was ordered. In this situation of the case, the question is one of the extent of our power of review. Our review, necessarily, must be confined to the inquiry, whether the evidence was of such a character as to preclude any other determination than that reached by the trial court. There having been a reversal, we are not prohibited by the constitutional limitation of our jurisdiction from entertaining the appeal; but we may be prevented from reviewing the determination or order of the Appellate Division, by reason of its having been warranted by the nature of the evidence. It is a question of law whether a question of fact was presented upon the evidence for the determination of the court and, hence, this court gains jurisdiction of the appeal to review the case to that extent; but, if that review results in ascertaining that there was a question of fact, our right to review ceases and we must dismiss the appeal from the order of reversal, for want of any power to review other questions than those of law. We have repeatedly held to this effect and no further discussion of the subject is needed at this time.

The evidence presented by this record is uncontradicted and a condition of things is shown to exist with respect to the buildings in question, which is, in the highest degree, repulsive and unsanitary; but which, upon the evidence, might not necessarily be regarded as irremediable. Considering the drastic character of the statute, from which the plaintiff derives its right to exercise the power to condemn and to order the removal of buildings, and assuming it to have been a constitutional exercise of legislative power, the evidence should be very conclusive in its nature and if it might reasonably be regarded as failing to establish the essential fact, that destruction was necessary to remedy the evil, which the plaintiff alleges to exist and to be within the purview of the law, then the determination of the Appellate Division was properly exercised. The provision of the statute is that the court shall not act upon the matter " unless proof is made of the

necessity of destruction." The evidence was not necessarily conclusive; for it admitted of a different view as to the necessity for destruction than that taken by the trial court. It was fairly inferable that the conditions might be so remedied as to permit of other uses by the owner of the property, if that of human habitation was rendered impossible — a conclusion, under the circumstances disclosed, perhaps not exclusively warranted by the evidence.

There was a question of fact upon the evidence and the order of the Appellate Division is, therefore, beyond our power to review.

As to the question raised by the appellant of the power of the Appellate Division to amend its order of reversal, I think no discussion to be required. The power resided in the court and it is not for us to review its exercise.

The appeal should be dismissed, with costs.

All concur, except PARKER, Ch. J., and BARTLETT, J., not voting.

Appeal dismissed.