TITO BINI, Respondent, *v.* JOHN SMITH, Appellant.

1. APPEAL — REVERSAL UPON FACTS. Where the Appellate Division reverses upon the facts and grants a new trial, the Court of Appeals has no jurisdiction to review the order; and when, upon appeal from a reversal stated to be upon the facts, an inspection of the record shows that a question of fact was involved in the case, the appeal must be dismissed.

2. QUESTION OF FACT DISCLOSED BY RECORD. An appeal from an order of reversal, stated to be upon the law and the facts, and granting a new trial, in an action upon a policy of insurance, must be dismissed, where an inspection of the record shows that the chief issue in the case was the question of fact whether the insurance broker, who procured the policy, was the agent of the plaintiff or of the defendant.

*Bini* v. *Smith*, 36 App. Div. 463, appeal dismissed.

(Argued November 20, 1899; decided November 28, 1899.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 31, 1899, reversing a judgment in favor of defendant entered upon a dismissal of the complaint in an action tried by the court without a jury, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. W. Niles* for respondent, for motion. There is no question that the Court of Appeals can review upon this appeal. (*Otten* v. *M. Ry. Co.*, 150. N. Y. 395.) The Appellate Division had power to reverse upon the facts. (*Benedict* v. *Arnoux*, 154 N. Y. 715.)

*E. N. Haines* and *Willis B. Dowd* for appellant, opposed. An appeal lies to this court from a reversal by the Appellate Division on the law and the facts where such reversal is not supported by any evidence in the case. (Code Civ. Pro. §§ 191, 1338; *Israel* v. *M. Ry. Co.*, 158 N. Y. 624; *Health Dept.* v. *Dassori*, 159 N. Y. 249; *Lannon* v. *Lynch*, 160 N. Y. 483; *Gannon* v. *McGuire*, 160 N. Y. 476.) The question involved is a question of law, and the appeal to this court was proper. (*Griggs* v. *Day*, 158 N. Y. 1.)

HAIGHT, J. This action was brought upon a policy of insurance. The defense was based chiefly upon the ground that the policy was issued without the authority of the defendant and without consideration. The trial court found as a fact

that the policy was procured and delivered to the plaintiff by one Alden, an insurance broker; that he was the agent of the plaintiff and not of the defendant, and that the premium paid to him was never turned over to the manager of the defendant. The Appellate Division reversed the judgment, both upon the law and upon the facts, and granted a new trial.

This court has repeatedly held that, where the Appellate Division reverses upon the facts and grants a new trial, it has no jurisdiction to review the order. It is true that the Appellate Division cannot create a question of fact by declaring that there is one, nor, by assuming to reverse on the facts, reverse a determination that does not involve a question of fact, and it, therefore, becomes our duty to look into the record for the purpose of determining whether there was a question of fact involved in the case. (*Otten* v. *Manh. Ry. Co.*, 150 N. Y. 395, 401; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166, 176; *Health Dept.* v. *Dassori*, 159 N. Y. 245, 249.) Upon looking into the record of this case, we find the chief issue to be the question as to whether Alden, the insurance broker who procured the policy, was the agent of the plaintiff or of the defendant. This was clearly a question of fact which this court, under the Constitution, is prohibited from reviewing. It, therefore, follows that the appeal must be dismissed, with costs.

All concur.

Appeal dismissed.