JACOB M. BIRNBAUM, Appellant, *v.* LEWIS A. MAY et al., Respondents.

APPEAL — AMENDMENT OF ORDER OF REVERSAL. The pendency of an appeal to the Court of Appeals is no bar to a motion in the Appellate Division of the Supreme Court for the amendment of an order of reversal so as to show that the reversal was upon the facts as well as upon the law, and, therefore, an application to the Court of Appeals for an order directing the transmission of the return on appeal to the Supreme Court, so that such motion may be made, is unnecessary and should be denied.

Reported below, 58 App. Div. 76.

(Submitted March 24, 1902; decided April 1, 1902.)

MOTION to send back the return on appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 6, 1901, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and granting a new trial.

The motion was made in order that a motion might be made to such Appellate Division to amend such return.

*J. Quintus Cohen* for motion.

*J. M. Birnbaum* opposed.

PARKER, Ch. J. The respondents seek an order directing that the return be transmitted to the Supreme Court, in order that they may make a motion in that court to so amend the order of reversal as that it will recite that the reversal is upon the facts as well as upon the law. Appellant's counsel, while opposing the motion, urges that if it be granted it should be upon such terms as will save the appellant harmless in the event that the Appellate Division shall amend the order, as respondents will move it to do. It can readily be seen that an attempt on the part of this court to name the amount the respondents should pay might work injustice should the Appellate Division conclude not to amend the order. Our duty in the premises is best performed, we think, by denying

the motion, whereupon the respondents can make direct application to the Appellate Division to amend the order upon such terms as to it shall seem just. If that court concludes to grant the relief, it will be enabled, having the whole subject before it, to protect the rights of both parties. The respondents do not need the order which they apply for in order to present their motion in that court, for, as we have pointed out on other occasions, the pendency of an appeal in this court is no bar to a motion in the Appellate Division for such amendment of an order or judgment as it may see fit to make, or even to the making of a motion at Special Term to set aside the judgment on the ground of newly-discovered evidence. (*Henry* v. *Allen*, 147 N. Y. 346; *People ex rel. Hoffman* v. *Board of Education*, 141 N. Y. 86; *Health Department* v. *Dassori*, 159 N. Y. 245.)

The motion should be denied, without costs.

GRAY, O'BRIEN, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur.

Motion denied.