## CONWAY v. FARISH–STAFFORD CO.

(Supreme Court, Appellate Division, Second Department.　February 28, 1916.)

1. APPEAL AND ERROR ☞559—CASE ON APPEAL—INCLUSION OF OPINION.

The inclusion of opinions in the "case" on appeal to the Court of Appeals is governed by its rules, and is to be enforced by a motion in that court, and not in the Appellate Division.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2483–2489; Dec. Dig. ☞559.]

2. APPEAL AND ERROR ☞440—REVERSAL—RECITALS IN ORDER.

Where an action was in form an action to recover a percentage of the net profits on a contract, and upon argument of defendant's appeal from the order of reference plaintiff took the position that his action was to recover compensation upon the contract only, and the court affirmed the order of reference on that ground, and the referee allowed an amendment, so as to make the action one for damages for a breach of the contract, and where the Appellate Division, on appeal from the denial of defendant's motion to vacate the order of reference, regarded the complaint as one for compensation, and not for breach of contract, and stated that the referee could not eliminate that referable cause of action and substitute another, and accordingly affirmed the order refusing to vacate the reference, and where the referee proceeded to report on the issues introduced by such amendment, and the judgment on his report was reversed without passing on any findings in opposition to the decision, the order of reversal would be resettled, to show why the findings of fact were not passed upon or reviewed on the appeal; the Appellate Division having power to do so, notwithstanding the pending appeal to the Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2198–2201; Dec. Dig. ☞440; Judgment, Cent. Dig. § 585.]

Action by John F. Conway against the Farish-Stafford Company. On motion by defendant that the Appellate Division pass on the facts, or that it incorporate, in its order reversing a judgment for plaintiff and granting a new trial (154 N. Y. Supp. 875), a recital that it had not done so, and also that plaintiff should include in the case on appeal to the Court of Appeals the opinion and order made on the motion, and that plaintiff make a case in the Court of Appeals to include all opinions rendered by the court at Special Term in relation to the question of law decided by the Appellate Division.　Order resettled, so as to show why the findings of fact were not passed on or reviewed on the appeal, and motion otherwise denied.

See, also, 153 App. Div. 906, 137 N. Y. Supp. 1116.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and PUTNAM, JJ.

David Leventritt and Herman H. Oppenheimer, both of New York City, for the motion.

Martin L. Stover, of New York City, opposed.

PER CURIAM.　[1] The inclusion of opinions in the "case" on appeal to the Court of Appeals is governed by its rules, and is to be enforced by a motion in that court, and not here.

[2] In view, however, of the peculiar circumstances changing the complaint from one to recover 50 per cent. of the net profits due December 31, 1909, to a complaint for a breach, with damages for wrong-

ful dismissal, we think our order of reversal should be resettled, so that the order itself shall state why we did not pass upon the questions of fact embraced in the referee's findings. Notwithstanding the pending appeal to the Court of Appeals, we have this power. Birnbaum v. May, 170 N. Y. 314, 63 N. E. 347.

After the original issues had been refereed, and an appeal taken from the order of reference, it was mutually stipulated that our decision should be final, if the appeal should be dismissed or the order should be affirmed. Upon argument of defendant's appeal from the order of reference, the learned counsel for the plaintiff took the position that his action was to recover compensation upon the contract only, and thereby influenced the court to decide that the issues were referable. Having on that ground affirmed the order (153 App. Div. 906, 137 N. Y. Supp. 1116), this court thereafter regarded that as the law of the case, both for the purposes of the reference and the trial. In the course of the proceedings before the referee, he subsequently allowed an amendment, so that the complaint was no longer for a year's net profits of the business, but for damages for a breach of the contract.

Defendant's motion to vacate the order of reference having been denied, and then appealed here, this court, having been committed to the initial decision by the plaintiff's primary insistence that the complaint was for compensation, and not for breach of contract, abided by it, and considered that the referee could not eliminate that referable cause of action and substitute another. Accordingly we affirmed the order, which refused to vacate the reference, stating that the complaint had not been changed, as such attempted amendment was not within the referee's powers. 157 App. Div. 481, 142 N. Y. Supp. 572. Nevertheless, the learned referee thought fit to ignore this opinion, and, in disregard thereof, proceeded to report upon the issues introduced by such amendment. Naturally the defendant excepted thereto, on the ground that the referee was without power or jurisdiction to make such findings, as not within the scope of said order of reference, and not within the pleadings, and not provable under the cause of action alleged or referred. This court reversed the judgment on such report (154 N. Y. Supp. 875), without passing on any of the matters of fact in findings made in opposition to our determination, which determination, until reversed, was binding upon the parties and upon the learned referee.

The order of reversal, dated July 30, 1915, is therefore resettled, so as to show why the findings of fact were not passed upon or reviewed on the appeal, which resettled order is now signed and entered; otherwise, the defendant's motion is denied, without costs.