### C. A. SMITH LUMBER CO. v. COLONIAL ASSURANCE CO.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

1. INSURANCE ⊜230—CANCELLATION—REPAYMENT OF UNEARNED PREMIUMS.
   Where the defendant insurance company notified the plaintiff that an insurance policy on his property was canceled, but did not tender the unearned portion of premium money paid, the notice was ineffective, notwithstanding the fact that the cancellation clause of the policy does not require a return or tender of the premium until the surrender of the policy.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. ⊜230.]

2. INSURANCE ⊜668(2)—QUESTION FOR JURY—AGENCY.
   In an action on a fire insurance policy, where the agency of an insurance broker was denied by the defendant, there was a question for the jury.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1732, 1753; Dec. Dig. ⊜668(2).]

3. INSURANCE ⊜76—ADMISSIBILITY OF EVIDENCE—AGENCY.
   In an action on a fire insurance policy, where the agency of an insurance broker was denied by the defendant, evidence offered by the plaintiff, tending to establish the agency, was improperly excluded.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 101; Dec. Dig. ⊜76.]

Appeal from Trial Term, New York County.

Action by the C. A. Smith Lumber Company against the Colonial Assurance Company. From a judgment for the defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Louis J. Wolff, of Brooklyn, for appellant.
William B. Ellison, of New York City, for respondent.

SMITH, J. The plaintiff sues on a fire insurance policy issued by the defendant to recover $1,937.86, representing defendant's proportion of a loss in excess of $500,000. The defense set up in defendant's answer was that prior to the loss the policy had been canceled by the giving of notice to the insured under a clause contained in the policy.

It appears from the evidence that the plaintiff's broker requested the Perry Company, which carried on a business of general insurance brokerage, to procure insurance for the plaintiff, and the Perry Company procured the defendant to write a policy. This policy was delivered by the defendant to the Perry Company for delivery to the plaintiff, and the defendant charged the Perry Company on their books with the amount of the initial premium due. Apparently the plaintiff paid the amount of the premium to the Perry Company by check, although all evidence tending to establish this was ruled out by the court. Apparently, also, these payments were never turned over to the defendant by the Perry Company. Evidence offered by the plaintiff as to the way policies were generally procured by the Perry Company from the defendant, and as to the credit arrangements customary between them, offered to establish the plaintiff's contention that the Perry Company was the defendant's agent to receive payments of premiums, so that payment to it constituted payment to the defendant, was ruled out by the court.

The policy contained the following clause:

"This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that when this policy is canceled by this company giving notice it shall retain only the pro rata premium."

Plaintiff claims that the cancellation is ineffective, because the unearned premium money which had been paid to the Perry Company was not returned by the defendant therewith. The defendant's position is that the clause above quoted does not require a return or tender of the premium at the time of notice, but only on surrender of the policy, and that in any case the payment of premium to the Perry Company did not constitute a payment to the defendant, and therefore a return was unnecessary.

[1] The first ground of defense is unavailing under the decision in the case of Tisdell v. N. H. Fire Ins. Co., 155 N. Y. 163, 49 N. E. 664, 40 L. R. A. 765. This was approved in a dictum in Buckley v. Citizens' Ins. Co., 188 N. Y. 399, 81 N. E. 165, 13 L. R. A. (N. S.) 889. The decision in the Tisdell Case, notwithstanding the new form of cancellation clause of the standard policies, above quoted, leaves unaltered the rule which had been laid down by the Court of Appeals in Van Valkenburg v. Lenox Fire Ins. Co., 51 N. Y. 465, to the effect that notice of cancellation, unaccompanied by an actual tender of the unearned portion of premium money paid, is absolutely ineffective. In that case the cancellation clause read:

"The insurance may also be at any time terminated, at the option of the company, on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired term of the policy."

[2, 3] The establishment of the second defense, that the Perry Company was not an agent of the defendant, raised a question of fact for the jury. Lounsbury v. Duckrow, 22 Misc. Rep. 434, 50 N. Y. Supp.

927.  Since it is clear on reason, as well as on the cases, that a broker may occupy such relations to an insurance company as to be its agent in many ways, including the receipt of premium moneys (Bini v. Smith, 36 App. Div. 463, 55 N. Y. Supp. 842, appeal dismissed 161 N. Y. 120, 55 N. E. 395; Globe, etc., Fire Ins. Co. v. Robbins Co., 109 App. Div. 530, 96 N. Y. Supp. 378; Wilber v. Williamsburg Ins. Co., 122 N. Y. 439, 25 N. E. 926; Stone v. Franklin Ins. Co., 105 N. Y. 543, 12 N. E. 45), the plaintiff should have been allowed to introduce evidence tending to prove that the relations were such in this instance.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.  Order filed.  All concur.