FRANK PACCIONE, as Administrator, etc., of MANUEL PACCIONE, Deceased, and Another, Respondents, *v.* THE HOME INDEMNITY COMPANY, NEW YORK, Appellant.

First Department, May 3, 1935.

*Fred H. Rees* of counsel [*David D. Miller*, attorney], for the appellant.

*John F. X. Finn* of counsel [*John A. Blake* with him on the brief; *John A. Blake*, attorney], for the respondents.

McAvoy, J. The action is upon a liability insurance policy issued by defendant to one Krais, who, driving the automobile allegedly covered by the policy, ran down plaintiff Frank Paccione, and killed his son, Manuel Paccione, on November 13, 1930, about five o'clock in the evening.

Prior to the institution of this action, Paccione, individually and as administrator of his deceased son, sued Krais in the Supreme

Court, Bronx county, and on February 9, 1933, after a jury trial, recovered a verdict for $19,000. This verdict on motion of Krais, was reduced by the trial justice to $11,500, subject to Paccione's consent, which was subsequently obtained. Plaintiffs, being unable to collect the judgment, because of Krais' insolvency, brought the present action. The defense was that the policy was not in effect at the time of the accident.

Krais had been covered by a policy in the Maryland Casualty Company, which by its terms expired November 3, 1930.

The policy involved in this action was forwarded by defendant to John P. W. Ceder, agent, North Pelham, N. Y., on October 8, 1930. The term of the policy was from November 3, 1930, to November 3, 1931. It was returned to the defendant on November 11, 1930, two days prior to the accident, and bore the indorsement by the agent: " Cancelled, no funds." No premium had ever been paid for the policy.

The agent testified that he delivered the policy to Krais personally on October 8, 1930; that on November 10, 1930, the policy was returned to him by Krais, with instructions to cancel it, as " he didn't think he could pay it."

Mrs. Krais testified that it was she who returned the policy in suit to the agent, but her husband had not directed her to do so; that on the day of the accident she telephoned the agent to inform him of it, but did not speak to him until the next day, when she asked him whether the policy had gone back to the company, and learned that it had been so returned. She asked him if anything could be done about it, but he said the policy was out of his hands. The same day she told her husband of this conversation, but evidently he did nothing about it until two weeks later.

On November 28, 1930, Krais notified the Maryland Casualty Company of his accident on November thirteenth, explaining that Mr. John P. W. Ceder, agent, in North Pelham, N. Y., had informed him that the policy had been returned by his wife without Krais' knowledge or consent; that he (Krais) had been under the impression the policies returned by his wife to Ceder were fire insurance policies on which he would receive a refund; that he never intended to cancel the accident policy. Under date of November 29, 1930, Krais wrote a similar letter to the defendant, Home Indemnity Company.

Krais testified that he had known Mr. Ceder for a good many years, but had never seen the policy in suit, and he did not know that the agent had procured it; that he did not know where the policy was kept and never knew it had been delivered, nor did he

know that the Maryland Casualty policy had expired; that he left to his wife the insurance matters with regard to fire insurance, but he did not leave the automobile policy insurance to her; denied that he had either received the policy from the agent, or returned it to him.

We are of the opinion that the policy never became effective. If the testimony of Krais is taken at its face, he did not know of the existence of the policy until after it had been returned to the defendant, and, hence, never accepted it.

If we assume that there was an acceptance by the agent, because of his authority to select the company, the same agency would carry with it the authority to cancel.

If we assume further that there was an acceptance and the policy was returned through the unauthorized or unintentional act of Krais' wife, Krais was under the duty of promptly disaffirming upon learning the facts. Mrs. Krais testified that she informed her husband of the return of the policy on November 14, 1930. Under the facts and circumstances in this case, the delay of fifteen days before writing to the defendant in an attempt to disaffirm the cancellation amounts to a ratification of her act.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.