CHERNE ABRAMS, Appellant, *v.* MARYLAND CASUALTY COMPANY, Respondent.

Argued October 6, 1949; decided December 1, 1949.

*Ralph Stout, Louis Rothbard* and *Joseph Rothbard* for appellant.  I. The Appellate Division erred in dismissing the amended complaint upon the ground that the cause of action therein set forth did not accrue within the period of limitation prescribed in the policy.  (*Friederichsen* v. *Renard,* 247 U. S. 207; *Tiller* v. *Atlantic Coast Line R. R. Co.,* 323 U. S. 574; *Harriss* v. *Tams,* 258 N. Y. 229; *Myers* v. *Warren,* 275 Mass. 531; *Geiger* v. *Merle,* 360 Ill. 497; *Branch* v. *Riverside Mills,* 147 Va. 552; *Finzer* v.

*Peter,* 120 Neb. 389; *Case* v. *Blood,* 71 Iowa 632; *Bellinger* v. *German Ins. Co.,* 51 Misc. 463, 113 App. Div. 917, 189 N. Y. 533.) II. The Appellate Division erred in holding that the coverage of the policy did not apply to the accident. (*Piccininni* v. *Ætna Life Ins. Co.,* 250 App. Div. 498; *Pauli* v. *St. Paul Mercury Ind. Co.,* 167 Misc. 417, 255 App. Div. 935, 280 N. Y. 853; *Matter of Haskell* v. *Hitchcock,* 262 App. Div. 309; *Matter of Lipshitz* v. *Hotel Charles,* 226 App. Div. 839, 252 N. Y. 518; *Hunt* v. *Century Ind. Co.,* 192 A. 799; *Western Cas. & Sur. Co.* v. *Independent Ice Co.,* 80 S. W. 2d 626; *Ocean Accident & Guar. Corp.* v. *Bear,* 220 Ala. 491; *Davis* v. *California Highway Ind. Exch.,* 118 Cal. App. 403; *Howe* v. *Howe,* 87 N. H. 338; *Taylor* v. *United States Cas. Co.,* 269 N. Y. 360; *Gerka* v. *Fidelity & Cas. Co.,* 251 N. Y. 51; *Northam* v. *International Ins. Co.,* 45 App. Div. 177, 165 N. Y. 666.) III. The Appellate Division properly held that the question of waiver herein was one of fact which should not be disposed of upon affidavits. (*Matter of Metropolitan Life Ins. Co.* v. *Conway,* 252 N. Y. 449; *Draper* v. *Oswego County Fire Relief Assn.,* 190 N. Y. 12; *Gerka* v. *Fidelity & Cas. Co.,* 251 N. Y. 51; *Benninghoff* v. *Agricultural Ins. Co.,* 93 N. Y. 495; *Whipple* v. *Prudential Ins. Co.,* 222 N. Y. 39.)

*Reid A. Curtis* and *Julius S. Christensen* for respondent. I. The amended complaint served November 15, 1946, pleads a new and different cause of action. This new cause of action is barred by the time limitation contained in the policy of insurance and the Appellate Division properly dismissed the complaint. (*Moses* v. *Benjamin,* 185 Misc. 50; *Harriss* v. *Tams,* 258 N. Y. 229; *McConnell* v. *Caribbean Petroleum Co.,* 278 N. Y. 189; *Guntzer* v. *County of Westchester,* 273 App. Div. 966, 298 N. Y. 755; *Grier Bros.* v. *Northern Assur. Co.,* 183 Pa. 334; *International Photo Recording Machines* v. *Microstat Corp.,* 269 App. Div. 485; *Brandyce* v. *Globe & Rutgers Fire Ins. Co.,* 252 N. Y. 69; *Automatic Sprinkler Co.* v. *Employers' Liability Assur. Corp.,* 163 App. Div. 671; *Williams* v. *Fire Assn. of Philadelphia,* 119 App. Div. 573; *Devitt* v. *Continental Cas. Co.,* 269 N. Y. 474; *Roth* v. *National Automobile Mut. Cas. Co.,* 202 App. Div. 667.) II. The Appellate Division was correct in holding that the coverage of the policy did not apply to the accident. (*Kucker* v. *Gates Container Corp.,* 263 App. Div. 1006, 289 N. Y. 664; *Jorgenson*

v. *City of Sparta*, 224 Wis. 260; *Kean* v. *National Sur. Co.*, 241 N. Y. 252; *Gaines* v. *Fidelity & Cas. Co.*, 188 N. Y. 411; *Auerbach* v. *Maryland Cas. Co.*, 236 N. Y. 247; *Royster Guano Co.* v. *Globe & Rutgers Fire Ins. Co.*, 252 N. Y. 75; *Houlihan* v. *Preferred Accident Ins. Co.*, 196 N. Y. 337.)

FULD, J. Injured when struck by a truck being operated by its owner, Abraham Cohen, while he was delivering the products of his employer, Linden Farms Milk & Cream Co., Inc., plaintiff recovered judgment against both Cohen and Linden. Failing to collect on that judgment, plaintiff brought suit against the defendant insurance company upon the theory that a policy of insurance which it had issued covered the accident in question.

Defendant, by motions directed to the complaint, contested liability upon two grounds; first, that the policy did not cover the accident, and, second, that the action had not been brought in time. The court at Special Term denied both motions, but the Appellate Division, while affirming the denial of the first motion, granted the second and directed dismissal of the complaint upon the ground that the action had not been commenced within the period prescribed in the policy.

Cohen was a truck driver employed by Linden. Following what was evidently the usual practice among driver-employees, Cohen purchased a truck and had it registered in his name. Since, however, Linden had apparently advanced the money for the purchase price, the registered ownership was in 1938 transferred to Linden as collateral security for the indebtedness.

In December, 1938, when ownership was registered in its name, Linden took from defendant insurance company a $5,000 liability policy on the truck for one year. It required defendant to pay any sum — up to $5,000 for each person injured — which " the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * * sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile." When the amount of the insured's obligation to pay was finally determined by judgment against the insured, the judgment creditor could " recover under the terms of this policy in the same manner and to the same extent as the insured." However, the policy provided, no action would lie against the

insurance company unless " suit " was " instituted within two years and one day * * * of such judgment ".

Not long after the policy was issued, Cohen paid off his indebtedness to Linden, and the registered ownership was transferred back to him. The insurance company was not apprised of this action. After the transfer, Cohen continued in Linden's employ, using the truck to deliver Linden's milk products precisely as he had done when Linden was registered owner.

On November 6, 1939, plaintiff, as noted above, was injured by the truck as it was being used in Linden's business, and defendant was notified of the accident. Plaintiff brought suit against both Linden and Cohen for damages based upon their negligence and recovered judgment against them in November of 1941. In April, 1943, after executions had been returned unsatisfied, plaintiff instituted action against defendant based upon its liability under the policy. In her complaint, plaintiff alleged that the policy failed to name Cohen as an insured party although it was intended and agreed that both Linden and Cohen be insured " following the said transfer of ownership." Accordingly, she prayed for a "judgment correcting and reforming" the policy so as to name Cohen as well as Linden "and for judgment against the defendant" for $5,000. A judgment directing reformation as well as payment of $5,000 plus interest was rendered after trial. On appeal, the Appellate Division, reversing the judgment, held that no case had been made out for reformation. In so ruling, however, the court granted plaintiff leave to amend the complaint. (See *Abrams* v. *Maryland Cas. Co.*, 270 App. Div. 901.)

Pursuant to such permission, plaintiff served an amended complaint in November, 1946, and it is this amended pleading that is before us. It alleges, as did the original complaint, that Linden continued to be insured by defendant after the truck had been transferred to Cohen. Unlike the original complaint, it does not recite that it was intended or agreed that Cohen be insured and therefore it seeks no reformation. All that is now demanded is a money judgment, the very relief sought by plaintiff since the service of the original complaint.

We consider first whether the complaint states a cause of action, and that turns upon whether the policy covered Linden at the time of the accident.

The policy, one of its provisions recited, did not apply to an accident which occurred "after the transfer * * * of the interest of the named insured" without defendant's written consent. If Linden's "interest"—i.e., "the interest of the * * * insured"— was restricted to ownership, then, of course, its transfer of the truck's registered ownership prior to the accident left it without any insurable interest. But we do not believe that Linden had so limited an interest or that this was the only interest insured. In so many words, the policy provided insurance against liability caused by accidents arising not only out of "ownership" of the automobile, but also out of its "maintenance or use". Quite clearly, the interest insured was more than ownership; quite clearly, the policy covered any accident in which the vehicle was used or operated in such a way as to render the insured responsible. (See, e.g., *Ocean Accident & Guar. Corp.* v. *Bear*, 220 Ala. 491, 494; *Howe* v. *Howe*, 87 N. H. 338; see, also, 6 Blashfield, Cyclopedia of Automobile Law and practice [Perm. ed.], § 3873, p. 538; Harnett and Thornton, Insurable Interest in Property: A Socio-Economic Reevaluation of a Legal Concept, 48 Col. L. Rev. 1162, 1171.) Since, then, Linden continued to have the truck used in its business, it retained an interest that was insured by the policy, and the transfer of ownership did not relieve defendant of its obligation.

Linden, therefore, was protected against a judgment such as the one which plaintiff obtained and, by the terms of the policy, plaintiff was entitled to proceed against defendant if she "instituted" "suit" "within two years and one day" after she obtained a judgment against Linden. While plaintiff's original complaint was served within two years after the rendition of such a judgment, the amended pleading was not served until well after the expiration of that period. The original complaint sought a judgment for reformation as well as for money damages while the amended pleading asks only money damages. Therefore, contends defendant, the original complaint pleaded an equitable cause of action and the amended one, a legal cause, with the consequence that the modified complaint stated a new cause of action and thereby initiated a new suit.

The term " cause of action " is not susceptible of a definition which is either unchanging or all-inclusive. It " may mean one thing for one purpose and something different for another " (*United States* v. *Memphis Cotton Oil Co.,* 288 U. S. 62, 68); its meaning depends, in large measure, upon the context in which it is employed. (See, e.g., *Harriss* v. *Tams,* 258 N. Y. 229, 242–243; *Zenith Bathing Pavilion* v. *Fair Oaks S. S. Corp.,* 240 N. Y. 307, 312; *United States* v. *Memphis Cotton Oil Co., supra,* pp. 67–69.) In a case involving a provision of statute or of contract limiting the time within which suit must be commenced, the cause of action will be deemed the same if the amended and original complaints both seek to enforce the same obligation or liability. (See *Harriss* v. *Tams, supra,* 258 N. Y. 229, 242; see, also, *Goldstein* v. *Tri-Continental Corp.,* 282 N. Y. 21, 29; *McConnell* v. *Caribbean Petroleum Co.,* 278 N. Y. 189, 193.) Thus, this court wrote in the *Tams* case (p. 242): " The amendment may constitute for some purposes more than an amplification or extension of the cause of action already asserted, and may introduce what might, if technical considerations or ancient formulas apply, constitute a new and different cause of action. The question here is whether the action from its commencement was upon the same obligation or liability, though the cause of action to enforce that obligation or liability has been changed, or a new remedy has been asserted. So the Supreme Court of the United States has said: ' Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the Statute of Limitations do not exist, and we are of opinion that a liberal rule should be applied.' (*N. Y. C. & H. R. R. R. Co.* v. *Kinney,* 260 U. S. 340, 346.) "

It is manifest that the amended complaint before us does not spell out a cause of action different from that in the original complaint. In both original and amended pleading, the only obligation relied upon was one of contract based upon the insurance policy; in both, the facts alleged — indeed, their very method of presentation — were practically identical; and, in both, a judgment for money damages was requested. The amended complaint's omission of Cohen as a named insured

simply indicates that plaintiff abandoned her belief that Cohen was covered by the policy; that omission did not add a new theory or a new cause of action. Nor does the circumstance that plaintiff omitted her prayer for reformation from the second complaint mean that she abandoned her original cause of action or substituted a new one for it. What is significant and vital is that, in the amended complaint as well as in the initial one, defendant's liability was predicated upon the claim that Linden was covered by the policy and that defendant was at all times fully apprised of the nature of plaintiff's claim. Reason and fairness point the conclusion that the cause of action contained in the amended complaint was the same as that alleged in the original.

Consequently, since the complaint alleges a cause of action and since the suit was brought within the two-year period specified in the policy, the judgment of the Appellate Division should be reversed, and the order of Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and BROMLEY, JJ., concur.

Judgment reversed, etc. [See 300 N. Y. 679.]