Ftjld, J.
(dissenting). The public policy which would have prevented the vendor of the truck (Stiker) from proving its sale to his purchaser (Aldrich), when sued by the injured person, may not be invoked against the vendor’s insurer — and so the court is today holding in Phoenix Ins. Co. v. Guthiel (2 N Y 2d 584). If, therefore, Merchants Mutual Casualty is to be held liable in this case, it must be by reason of its contract with the insured, and I cannot read the provisions of that agreement to cover an accident occurring after the named insured had sold his automobile and divested himself of all power and control over it.
The insurance policy requires the insurer to pay on behalf of the insured damages for injuries caused by an accident arising out of “ The ownership * * * or use of the premises for the purpose of an automobile dealer * * * and all operations necessary or incidental thereto; and the ownership # * * or use of any * * * automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission.” Quite obviously, the accident for which the insurer is sought to be held did not arise out of the ownership or use of the insured’s “ premises ” and just as obviously, it seems to me, it did not stem from any of the insured’s “ operations ” or from his “ use ” of the truck in connection with such “ operations.” No matter how viewed, a dealer’s “ operations ” vis-á-vis a particular vehicle end, if they are to end at any point in time, when he relinquishes his possession and legal ownership, and that event admittedly occurred in this case four days before the accident.
Be that as it may, however, the basic issue is whether the vendee was an “ insured ” under the policy, for, concededly, if he were not, the insurer could not be held responsible. (Opinion of Froessel, J., p. 580; see, also, Devitt v. Continental Cas. Co., 269 N. Y. 474, 479; Fox v. Employers’ Liability Assur. Corp., 267 N. Y. 609, affg. 243 App. Div. 325, 331.) The argument that he must be deemed an ‘ ‘ insured ’ ’ for the reason that he was “ using the automobile ” with the “ permission ” of the former owner overlooks the meaning and purpose of the clause defining the term. If the argument had merit, it would also have required a reversal in the Guthiel case, for there, too, the vendor had permitted his purchaser to use his license plates, there, too, *583 the insurer was required to respond in damages for injuries caused by an accident arising out of the “ ownership, maintenance or use of the automobile ’ ’ and there, too, an ‘ ‘ insured ’ ’ was defined, precisely as in the policy here before us, as the named insured or one using the automobile “ with his permission ”. Our affirmance in Guthiel compels a like disposition here.
The contention that the vendor, by illegally allowing his purchaser to use his license plates, thereby gave him “ permission ” to use the automobile, within the sense of the insurance policy, confuses terms and misses the thrust of the policy provision. That provision was designed to render the insurer responsible if the automobile was within the actual control of the insured, for, it may not be gainsaid, the grant of permission to use an automobile by one having no control over it would be meaningless. Once an owner effects a sale, even though a contract of conditional sale (Vehicle and Traffic Law, § 59), he gives up all control over the vehicle and is powerless to affect its use; it would, therefore, be the loosest use of terms, the barest of fictions, to say that the new owner, when operating the car, is doing so with the ‘ ‘ permission ’ ’ of the vendor — certainly, within the meaning of the policy terms. It is, of course, true that the vendor allowed the purchaser to use his plates, but use of those plates is not “ use of the automobile ” and, once he has become the owner and has possession, the purchaser requires no further ‘ ‘ permission ’ ’ from its former owner to “ use ” the vehicle.
While Reese v. Reamore (292 N. Y. 292, 294) contains a statement to the effect that the purchaser, who had the use of the license plates of the dealer vendor, was driving with the “ implied permission ” of the latter, it is enough to observe that the court was not faced with the problem, as now it is, of construing language contained in a contract of insurance. Not the words selected by the writing judge, but the action taken by the court, is what is operative and significant (see, e.g., Crane v. Rennett, 177 N. Y. 106, 112), and, in the Reese case, the court simply held that the vendor, who had illegally permitted his purchaser to use his plates, was himself liable for damages arising from the negligent operation of the automobile, even when driven by someone other than the purchaser with his consent. Nor does Abrams v. Maryland Cas. Co. (300 N. Y. 80) have any impact on the case before us? for it too involved a *584 fact situation quite different from that presented here or in Guthiel. There, an employer who had advanced money for the purchase of a truck by one of its driver-employees, had the registered ownership transferred to it as collateral security and obtained from defendant insurance company a liability policy upon the truck. Shortly after the policy had been issued, the employee paid off his indebtedness and resumed registered ownership of the vehicle. However, his employer continued to use the truck in its own business and it was while it was so engaged that plaintiff was injured. He brought suit against the insurance company, and all that the court decided — and this is made perfectly clear by reading in context the excerpt quoted by Judge Froessel in his Guthiel dissent (p. 592) — • was that an insured employer who “continued to have the truck used in its business * * * retained an interest that was insured by the policy, and the transfer of ownership did not relieve defendant of its obligation ’ ’ (300 N. Y. 80, 85). Since the vendor in that case retained actual control over the use of the truck in its own business, the situation was just the opposite of that which now confronts us.
The judgment should be affirmed.
Conway, Ch. J., Desmond, Dye and Burke, JJ., concur with Froessel, J.; Fuld, J., dissents in an opinion in which Van Voorhis, J., concurs.
Judgment of Appellate Division reversed and matter remitted to that court for further proceedings in accordance with the opinion herein.