Desmond, J.
(dissenting). I dissent. To me the obligation of Phoenix to defend as the insurer of Buckle' and Shoemaker is just as clear as is Buckle’s obligation as owner and Shoemaker’s obligation as driver. Since the decision of Shuba v. Greendonner (271 N. Y. 189 [1936]), it is settled New York law that one who allows the registration of an automobile to continue in his name cannot be heard to prove in any court that he is not the owner. While the word ‘ ‘ estoppel ’ ’ is loosely used to explain this rule (see Shuba opinion, supra, p. 193), the rule itself is actually part of the substantive law of this State for ‘ ‘ fastening responsibility for injuries ” (Shuba, p. 193). Those who like Buckle violate the registration laws ‘ ‘ may not avoid liability for the negligent operation of vehicles registered in their names ” by -denying ownership (Reese v. Reamore, 292 N. Y. 292, 296; Switzer v. Aldrich, 307 N. Y. 56, 59). That continuing liability is, obviously, one arising from the registered owner’s ownership. Buckle, registering this automobile as his own, continued thereafter to be liable as owner so long as his license plates remained on the vehicle.
Respondent Phoenix Insurance Company in simple plain words insured Buckle against that continuing liability as owner. The Phoenix policy promised to pay on behalf of Guthiel all sums which the latter should become legally obligated to pay as damages because of personal injuries or death caused by accident ‘1 and arising out of the ownership, maintenance or use of the automobile ”. Any liability of Buckle for this accident arises out of Buckle’s continued ownership of the automobile. The Phoenix policy thus covers Buckle’s liability completely and explicitly. It is as true here as it was in Abrams v. Maryland Cas. Co. (300 N. Y. 80, 85) that “ the policy covered any accident in which the vehicle was used or operated in such a way as to render the insured responsible. ’ ’ And the decisions cited by this court in Abrams (supra) hold that such an insurance policy covers the liability of the named insured even after he parts with *592 legal title, so long as lie has any continuing liability for the car’s operation.
Phoenix is obligated, too, by its policy to defend the driver Shoemaker as well as the owner Buckle. Shoemaker was using the car “with the permission” of the named insured Buckle and so Shoemaker is an insured within the definition of subdivision III of the ‘ ‘ Insuring Agreements ’ ’ of the policy.
This decision breaches the protective wall erected by our statutes and so highly praised in the Shuba, Reese and Switzer opinions (supra). This insurance company, having been on notice since 1936 that one of an owner’s liabilities is to pay for negligent operation by anyone so long as his plates stay on the car and having nonetheless insured that registered owner against all liabilities arising out of his ownership, now has it adjudged that its policy does not cover.
The judgment appealed from should be reversed and the Special Term judgment reinstated, with costs in this court and in the Appellate Division.