Froessbl, J.
(dissenting). I concur with Judge Desmond for reversal in this case. "We are all agreed that Buckle is estopped from denying ownership by reason of the loan of his registered license plates on the insured car. Plaintiff insurance company under the express terms of its policy is required to “ pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, eaused by accident and arising out of the '* * * use of the automobile ”. The fact that Buckle had transmitted his interest to Shoemaker, and that he was no longer the owner of the automobile, does not affect the insurer’s liability.
In Abrams v. Maryland Cas. Co. (300 N. Y. 80, 85), Judge Fuld, writing for the court, stated: “In so many words, the policy provided insurance against liability caused by accidents arising not only out of ‘ ownership ’ of the automobile, but also out of its ‘ maintenance or use ’. Quite clearly, the interest insured was more than ownership; quite clearly, the policy covered any accident in which the vehicle was used or operated in such a way as to render the insured responsible.” In that case, the owner had transferred his interest in a truck to his employee, who was the sole and exclusive owner at the time of the accident: yet, despite a provision of the policy that it did not *593 apply to an accident which occurred ‘1 after the transfer * * * 0f the interest of the named insured ” without defendant’s written consent, the insurer was held liable. Buckle is therefore entitled to be defended because of the liability to which he is exposed, and to be indemnified for any amount which he is legally obligated to pay within the policy limits.
Under another provision of plaintiff’s policy, an insured includes, besides the named insured, “ any person while using the automobile # * * provided the actual use * * * is by the named insured or with his permission ” (emphasis supplied). Buckle’s act in lending his registered license plates made possible the use of the insured car by Shoemaker after the sale. That act, we have held, constituted permission (Reese v. Reamore, 292 N. Y. 292, 294).
Thus, under the express contractual provisions of the policy in question, plaintiff insurance company is required to defend Buckle and Shoemaker and ‘ ‘ to pay ’ ’ on their behalf within the policy limits ‘ ‘ all sums which [they] shall become legally obligated to pay as damages ” arising out of the accident in question. It might be observed in passing that any other holding would readily facilitate the evasion of the compulsory insurance law of this State now a part of our public policy.
Conway, Ch. J., and Dye, J., concur with Burke, J.; Fuld and Van Voorhis, JJ., concur in result; Desmond and Froessel, JJ., dissent in separate opinions.
Judgment affirmed.