Louis L. Friedman, J.
In an action for a declaratory judgment plaintiffs move pursuant to rule 113 of the Rules of Civil Practice, for summary judgment. The defendants cross move for similar relief. The declaration sought by the plaintiffs is that the plaintiffs are insured under a policy of insurance issued by the defendants for an accident which occurred on August 6, 1956.
Plaintiff Ignatz Tyrnauer (hereinafter referred to as Ignatz) was on July 8, 1955 the registered owner of a 1953 Chevrolet station wagon. On said date the defendants issued to him an *19 automobile liability policy for a period of one year covering the said automobile. The policy contains, among others, a declaration that the named insured is the sole owner of the automobile. During the term of said policy and on January 19, 1956, Ignatz transferred, allegedly without consideration, the registered ownership of said vehicle to the plaintiff Camp Rovtoc, Inc., which is also know in its Hebrew equivalent as Machan Rovtov, Inc. Ignatz was vice-president thereof, and his brother David its secretary-treasurer. Plaintiffs assert that although registered ownership was passed Ignatz continued to use, operate and maintain the automobile at his own expense and exclusive possession thereof remained with him; and that no one other than he had the power to give anyone permission to use the vehicle. It is further asserted that Ignatz on January 19, 1956, the date of the transfer of record ownership of the vehicle, called the office of his insurance broker and told ‘ ‘ the man who answered the telephone about the change in registration and the man said 1 All right. ’ ’ ’ Indisputably, the defendant insurance companies did not issue any indorsement indicating the change. On July 8, 1956, upon the expiration of the policy, the defendants issued a renewal thereof for an additional year to Ignatz. It does not appear that any request had then been made to change the policy to show that the camp was the owner of the vehicle. On August 6, 1956, while the auto was being driven by plaintiff David Tyrnauer (hereinafter called David) allegedly with his brother Ignatz’ permission, it was involved in an accident.
On the same day Ignatz’ insurance broker was notified of the accident and was paid for the first installment on the policy. It is alleged by the insurance company that on August 8, 1956 the broker for the first time notified one of their underwriters of the change of ownership and also mentioned the accident; and that the underwriter stated that he would cancel the policy for underwriting reasons. On August 10, 1956 the defendants mailed out a notice of cancellation of the policy effective August 22, 1956, and on September 7, 1956 mailed to the broker a request for earned premium which was thereafter paid by him. On November 26, 1956 plaintiffs’ attorney wrote to the broker enclosing a copy of report of accident on MV-104 form, and on the following day the broker reported the accident to the defendant’s claim department. The defendants on December 20, 1956 returned to the broker the accident report and asserted that there was no coverage on the policy because at the time of the accident the car was registered in the name of the camp.
*20 Under the terms of the policy, the defendants agreed to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injuries sustained by any person caused by accident and arising out of the ownership, maintenance or use of the automobile. The policy provides that notice to any agent or knowledge possessed by any agent shall not effect a waiver or a change in any part of the policy or estop the person from asserting any right under the terms of the policy; nor shall the terms of the policy be waived or changed except by indorsement signed by certain specified officers of the company. It also provides that an assignment of interest under the policy shall not bind the company until its consent is indorsed thereon and by acceptance of the policy the named insured agrees that the statements and the declarations are his agreements and representations; and that the policy is issued in reliance upon the truth of such representations.
It has been uniformly held that coverage created or arising out of the ownership, maintenance or use of a described automobile ceases and terminates with the transfer of the ownership of the described automobile unless notice has been given to the insurer and insurer consents to the extension of coverage (Phoenix Ins. Co. v. Guthiel, 2 N Y 2d 584; see, also, Ireland v. Firemen’s Fund Ind. Co., 281 App. Div. 1007, affd. 1 N Y 2d 655; Lavine v. Indemnity Ins. Co., 260 N. Y. 399; Mobilia v. Security Taxpayers Mutual Ins. Co., 90 N. Y. S. 2d 985, affd. 277 App. Div. 985) and that the insurer’s approval of the transfer, required by the policy to be indorsed thereon, could not be inferred from mere silence or inaction (Truglio v. Zurich Gen. Acc. & Liab. Ins. Co., 247 N. Y. 423).
In Abrams v. Maryland Cas. Co. (300 N. Y. 80) however, the above rules of law were not applied by reason of the special circumstances of that case. There one Cohen was a truck driver employed by one Linden Farms Milk & Cream Co. Cohen purchased a truck and registered it in his name. Since Linden advanced the money for the purchase price, the registered ownership was in 1938 transferred to Linden as collateral security for the indebtedness. In December, 1938 Linden, as the registered owner, insured the vehicle for liability insurance. When Cohen shortly thereafter paid off his indebtedness to Linden, the registered ownership' was transferred back to him. The insurance company, however, was not apprised of the action. After the transfer Cohen continued in Linden’s employ, using the truck to deliver Linden’s milk products precisely as *21 he had done when Linden was the registered owner. In November, 1939 the truck was involved in an accident. The question then arose whether the policy covered Linden at the time of the accident. The policy, by one of its provisions, did not apply to an accident which occurred after the transfer of the interest of the named insured without the insurance company’s consent. The court said (p. 85): “If Linden’s ‘ interest ’ — i.e., 1 the interest of the * * * insured ’ — was restricted to ownership, then, of course, its transfer of the truck’s registered ownership prior to the accident left it without any insurable interest. But we do not believe that Linden had so limited an interest or that this was the only interest insured. In so many words, the policy provided against liability caused by accidents arising not only out of ‘ ownership ’ of the automobile, but also out of its 1 maintenance or use ’. Quite clearly, the interest insured was more than ownership; quite clearly, the policy covered any accident in which the vehicle was used or operated in such a way as to render the insured responsible. # * * Since, then, Linden continued to have the truck used in its business, it retained an interest that was insured by the policy, and the transfer of ownership did not relieve defendant of its obligation.”
Citing the latter case as their authority, the plaintiffs assert that since Ignatz continued to maintain, use, and possess and control the station wagon after the registered ownership was transferred, Ignatz continued to have an insurable interest in the maintenance and use of the automobile and accordingly such interest was sufficient to keep the policies in force. Whether the car was under the direction and control of Ignatz within the meaning of the “ownership, maintenance or use ” provisions of the contract is a question of fact which cannot be determined on affidavits. If the facts upon which a motion for summary judgment is predicated, are exclusively within the knowledge of the opponent, the motion must be denied. (Newman v. Newark Fire Ins. Co., 281 App. Div. 852.) Plaintiffs assert that in any event the defendants having received and retained the premium for the policies, it resulted in the recognition of the continued validity of the policies. The fact that payment and acceptance of a premium is made after loss has occurred is not determinative of the question whether the carrier waived the provisions of the policy or is estopped from denying the validity of the policy.
In Whipple v. Prudential Ins. Co. (222 N. Y. 39) the court said (p. 46): “A waiver, not express, is essentially a matter *22 of intention. If the established facts permit reasonable minds to differ as to the inferences or effect from them, a question of fact arises. When facts proved without dispute require the exercise of reason and judgment, so that one reasonable mind may infer that the party voluntarily and intentionally relinquished a right or advantage and another reasonable mind may infer that he did not, the question of waiver is one of fact.”
Thus a question of fact is presented whether or not there has been a waiver or estoppel, especially in view of the assertion by the defendants that they did not have full knowledge of the facts concerning the alleged breach or breaches of the policy by the named insured. Accordingly plaintiffs’ motion for summary judgment is denied.
The defendants’ cross motion is denied with respect to plaintiff Ignatz by reason of the aforesaid questions of fact. The question, however, arises, assuming arguendo that the policy between Ignatz and the defendants was in effect by reason of Ignatz’ retention of interest in the automobile, whether the remaining plaintiffs are covered under the terms of the policy. These plaintiffs assert in view of insuring .agreement 111(a) of the policy that they are additional insureds under the policy and are accordingly covered thereby. It provides: ‘ ‘ With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘ insured ’ includes the named insured * * * and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either ”.
The defendants assert that Ignatz’ relation to the vehicle was such that he could not have given the consent required by the omnibus clause. It is asserted that only by virtue of ownership of the vehicle could consent be given. It is evident, however, that a mere bailee of a vehicle may give consent to others to use the same unless the terms of the bailment provide otherwise. Ignatz’ assertion that he had exclusive possession and use of the vehicle and that the registered owner had no control over the operation thereof presents a question of fact whether or not he had the power and right to give to others the consent to use the vehicle. Nothing in the language of the omnibus clause or the policy as a whole, given its ordinary meaning, confined the right to an owner only to give consent. If that was intended, which is not apparent from the language employed, then it was the insurer’s responsibility to make such intention *23 clearly known (Ætna Cas. & Sur. Co. v. General Cas. Co. of America, 285 App. Div. 767). It being asserted that David had Ignatz’ consent to drive the vehicle, the cross motion with respect to David is denied. However the motion is granted with respect to the camp. The camp was not an insured under any provision of the policy. The insurance is a personal contract. The obligation does not run with the property (Mapu v. Agricultural Ins. Co., 244 App. Div. 268) unless as indicated above the insurer consents to the extension of the coverage (Phoenix Ins. Co. v. Gutheil, 2 N Y 2d 584, supra). The defendants having failed to consent to the transfer, there was no obligation that accrued to the new owner. Nor is the camp an additional insured under the policy. The argument advanced by the corporation that it is an organization legally responsible for the use of the motor vehicle at the time of the accident and thus included within the omnibus clause of thé policy is without merit. As far as here pertinent, as a prerequisite to such inclusion, the actual use of the automobile at the time of the accident must be with the consent of the named insured.
There are no factual allegations in the moving papers to indicate that at the time of the occurrence David Tyrnauer was driving the automobile in the corporate behalf with the permission of the named assured to so operate the vehicle.
Under such circumstances, the conditions of the omnibus clause have not been complied with.
Settle order on notice.