NORTH TEXAS PRODUCERS ASSOCIATION, Plaintiff,

v.

EMPLOYERS MUTUAL CASUALTY COMPANY, Defendant.

Civ. A. No. 805.

United States District Court
E. D. Texas,
Marshall Division.

May 28, 1962.

R. O. Kenley, Jr., Kenley, Sharp, Ritter & Boyland, Longview, Tex., for plaintiff.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., for defendant.

James A. Williams, Bailey & Williams, Dallas, Tex., for third-party defendant.

FISHER, District Judge.

This is a suit brought by North Texas Producers Association against Employers Mutual Casualty Company, seeking to recover a judgment for $24,243.57. The defendant filed a third party complaint against The Aetna Casualty and Surety Company. Plaintiff, North Texas Producers Association, will hereinafter be referred to as North Texas; the defendant, Employers Mutual Casualty Company, as Employers Mutual, and The Aetna Casualty and Surety Company, as Aetna. Employers Mutual contend that Aetna is the real party in interest, as North Texas had nothing to gain or lose by the result of this suit since its liability has been discharged by Aetna and any recovery would go to Aetna.

The facts briefly indicate that Employers Mutual issued a commercial automobile liability policy to T. W. Davis and North Texas as insureds, covering a 1955 Chevrolet truck owned by Davis and leased to North Texas. While said policy was in force and effect, Davis sold the truck to a man by the name of Dunnavant who continued doing the same type of work with said truck for North Texas as Davis had been doing for North Texas, that is, picking up milk from different farms and delivering it to North Texas. Several days after purchasing the truck on January 30, 1957, but before formal title had been effected, Dunnavant, while driving said vehicle in the discharge of his contractual duties with North Texas, had a collision with a vehicle owned and operated by one Morgan, resulting in death to the wife of Morgan and personal injuries, as well as property damage, to Morgan. A suit was filed in the District Court of Upshur County by Morgan, individually and in behalf of the heirs of his wife, against North Texas, Dunnavant and Davis.

Employers Mutual denied liability and made no appearance in said cause except for Davis who was later dismissed.

Aetna had issued a policy of insurance to North Texas, covering non-owned vehicles; and said policy being in effect at the time of the collision mentioned above. Aetna defended North Texas in said suit and notified Employers Mutual that by defending North Texas it was not waiving its right to contend that the liability, or at least the primary liability, for any negligence chargeable to North Texas in connection with said accident was covered under the Employers Mutual policy.

The Upshur County District Court cause of action was settled for $23,000.00, and costs of court. A formal demand to make settlement was made by North Texas upon Employers Mutual and Aetna, and Employers Mutual refused to participate in the settlement. Aetna made a loan and furnished the funds to North Texas with which to make said settlement.

The above fact situation presents two questions for this Court to decide; first, did the change in ownership of the truck from Davis to Dunnavant terminate, as a matter of law, the policy of insurance issued by Employers Mutual? Second, if the policy of insurance was not terminated as a matter of law, what is the extent of the liability of Employers Mutual under said policy?

In answering the first question, we hold that the sale or change of ownership of the truck from Davis to Dunnavant did not vitiate the policy of insurance issued by Employers Mutual.

North Texas was named jointly with Davis as the insured in said automobile liability policy, and the vehicle in question continued to do the same work driven by Dunnavant as it was doing when operated by Davis. It is certainly true that North Texas was never considered by anyone to be the owner of the vehicle, but it cannot be disputed that North Texas was the lessee and a joint insured, and for obvious reasons was concerned and interested in being protected from liability that might result from the negligent operation of said vehicle; the fact that North Texas also had a policy with Aetna covering non-owned vehicles would not preclude or affect the right of North Texas to seek protection also from Employers Mutual.

 Employers Mutual has cited a number of cases in its brief on the point of "change of ownership". Byrd v. American Guarantee and Liability Insurance Company, 4 Cir., 180 F.2d 246; Northwestern National Casualty Company v. Bettinger, D.C., 111 F.Supp. 511, aff'd 8 Cir., 213 F.2d 200, Cert. den. 348 U.S. 856, 75 S.Ct. 80, 99 L.Ed. 674; Payne v. Dearborn National Casualty Company, 328 Mich. 173, 43 N.W.2d 316; Tyrnauer v. Travelers Insurance Company, 15 Misc.2d 18, 181 N.Y.S.2d 320, aff'd 8 A.D.2d 857, 191 N.Y.S.2d 137, 31 Misc.2d 116, 213 N.Y.S.2d 475; Mason v. Allstate Insurance Company, 12 A.D. 2d 138, 209 N.Y.S.2d 104. We do not disagree with the legal pronouncements in the above cited cases dealing with change of ownership. If the facts in the present case had been that the change of ownership brought about a different use of the vehicle, then the policy under the authorities of the cited cases would be terminated and held to be void. However, the facts in the present case are undisputed that the same use was being made of the vehicle after the change of ownership as was being made of the vehicle at the time it was owned by Davis. Further, both Davis and Dunnavant were lessors of North Texas and North Texas was named as an insured in said policy, and it is certainly logical to say that

Dunnavant was operating the vehicle with consent and permission of both Davis and North Texas. A liability insurance policy naming other persons than the owner of the insured vehicle as insureds along with him affords indemnity protection to anyone using the vehicle as such other person's agent or with consent and permission. Purcell v. Metropolitan Casualty Company of New York, Tex. Civ.App., 260 S.W.2d 134. Therefore, we believe this case turns on the question of "use" made of the vehicle, rather than on the change of ownership. Although we have not been able to find a Texas case in point, we believe the case of Abrams v. Maryland Casualty Company, 300 N.Y. 80, 89 N.E.2d 235, and other cases cited therein give support to the Court's holding. In the Abrams case a truck driver for a dairy association purchased a truck and registered it in his name. The dairy association advanced money to the truck driver for the purchase price and the registered ownership was transferred to the dairy association, who then secured a liability insurance policy in its name "arising out of the ownership, maintenance or use of the automobile." After the policy was issued to the association, the driver paid off his indebtedness to the association and the registered ownership was transferred back to the truck driver. The insurance company was not apprised of this action. The truck driver continued using the truck to deliver the milk products for the association precisely as he had done when the association was the registered owner. Thereafter the truck was involved in an accident and the Court held that the policy covered the accident even though the title was back in the driver.

The Court in so holding, stated, "Where an owner of a business transferred title of truck to driver and thereafter the truck continued to be used in owner's business, owner of business was covered by liability after transfer of title under provision insuring against liability caused by accident arising not only out of ownership of the automobile, but also out of its maintenance and use, notwith-

standing recitation that policy did not apply to an accident occurring after transfer of interest of named insured."

Having concluded that the policy of automobile liability insurance issued by Employers Mutual was in force and effect at the time of the accident on February 3, 1961, the next question concerns the extent of liability of defendant, Employers Mutual. Since the policies of both Aetna and Employers Mutual were in force and effect at the time in question, the settlement made by North Texas should be prorated equally between the two companies with Employers Mutual being additionally liable for attorneys' fees and court costs incurred in the prosecution of the present suit.

Judgment to be entered for plaintiff on the basis of the memorandum opinion.