MARTIN BERNSTEIN, Plaintiff, v. REMINGTON ARMS COMPANY, INC., et al., Defendants.

Supreme Court, Special Term, Queens County, July 25, 1962.

*Ponzan & Meagher* (*Kirlin, Campbell & Keating* of counsel), for Remington Arms Company, Inc., defendant. *Nathan L. Levine* for plaintiff.

LESTER HOLTZMAN, J. Defendant Remington Arms Company, Inc. (hereinafter called Remington) moves to dismiss the second cause of action contained in plaintiff's amended complaint, upon the ground that it is barred by the Statute of Limitations.

Plaintiff was injured on December 3, 1954, when a cartridge he was using, and which was manufactured by Remington, exploded in his hand. He brought an action based on negligence. A judgment rendered after trial, and in his favor, was set aside by the Appellate Division (16 A D 2d 694) on May 1, 1962 and a new trial was ordered. By order of this court, dated June 11, 1962, plaintiff was granted leave to serve an amended complaint, to plead an additional cause of action for breach of warranty. Remington was given permission to plead the Statute of Limitations as a defense, if it so elected.

The amended complaint set forth two causes of action, the first in negligence and the second based upon breach of warranty.

In support of its motion Remington states in substance that plaintiff's cause of action accrued on December 3, 1954, when plaintiff was injured; that a cause of action for breach of warranty is governed by the six-year Statute of Limitations; that the amended complaint was received on June 20, 1962; that more than six years have elapsed from the accrual of the alleged cause of action, and that, therefore, the claim for breach of warranty, set forth in the second cause of action of plaintiff's amended complaint, is barred by the Statute of Limitations and should be dismissed.

Plaintiff contends that after the recent Court of Appeals decision in *Randy Knitwear* v. *American Cyanamid Co.* (11 N Y 2d 5) allowing recovery against a manufacturer for breach of warranty, without privity, he moved to amend his complaint to plead an additional cause of action for breach of warranty; that the second cause of action only expanded and amplified the original complaint to assert an additional theory of recovery and not a different obligation.

In the court's opinion plaintiff's contention that the second cause of action of the amended complaint is not barred by the Statute of Limitations is well taken. The amended pleading takes the place of the original pleading and does not assert a different obligation, which would be barred by the Statute of Limitations.

If an original and an amended complaint both seek to enforce the same obligation or liability, the cause of action will be deemed

the same. (*Abrams* v. *Maryland Cas. Co.,* 300 N. Y. 80; *Sayre* v. *State of New York,* 4 A D 2d 794; *Harriss* v. *Tams,* 258 N. Y. 229.) In the *Sayre case* (*supra*) the Court of Claims allowed an amendment to add a cause of action for breach of warranty after a two-year Statute of Limitations had run.

The motion to dismiss the second cause of action contained in plaintiff's amended complaint is denied.