Louis B. Heller, J.
In this action for divorce, defendant wife moves to dismiss the “ action ” pursuant to CPLR 3211, to stay further conciliation proceedings and for an allowance of counsel fees. The summons dated and served after September 1, 1967 bears an indorsement “Action for Absolute Divorce.” Notice of commencement of the action thereafter filed in the -Conciliation Bureau as required by subdivision a of section 215-c of the Domestic Relations Law stated that the ground for the action was ‘ ‘ abandonment of plaintiff by defendant. ’ ’ As provided by section 211 of the Domestic Relations Law no complaint has been served as yet. Defendant and her attorney reveal that the parties have been living separate and apart pursuant to a decree of separation made in this court dated May 29, 1957, a copy of which decree is submitted in support of the motion. Defendant’s counsel argues that in view of such a decree there can be no “ abandonment ” and that hence no valid cause exists. In an answering affidavit plaintiff’s counsel shifts his grounds somewhat and urges that the action could be sustained under subdivision 5 of section 170 of the Domestic Relations Law where ‘ ‘ husband and wife have lived apart pursuant to a decree of separation for a period of two years after the granting of such decree ”. The memorandum of law submitted by plaintiff’s attorney is even more generalized on the subject and contends that no specified ground for the divorce action need be stated on service of the summons and that there is consequently no basis for a motion to dismiss where no complaint has been served. He therefore asks that the motion be denied because it is premature.
The ground urged for dismissal by defendant is not specified in the notice of motion as required by CPLR 3211 (subd [e]); (see 6 Carmody-Wait 2d, New York Practice, § 38:34 et seq.). The application is “for an order dismissing the within action pursuant to Rule 3211 of the Civil Practice Law and Rules.” The remedy available under the rule is somewhat different: “ A party may move for judgment dismissing one or more causes of action asserted against him” (emphasis supplied). The question posed here is whether defendant may attack a “ cause *651 of action ” before it lias been presented in a formal pleading. It is true that a “ cause of action ” may exist without a pleading. “ A ‘ cause of action ’ may mean one thing for one purpose and something different for another. It may mean one thing when the question is whether it is good upon demurrer, and something different when there is a question of the amendment of a pleading or of the application of the principle of res judicata., * * * At times and in certain contexts, it is identified with the infringement of a right or the violation of a duty. At other times and in other contexts, it is a concept of the law of remedies, the identity of the cause being then dependent on that of the form of action or the writ. Another aspect reveals it as something separate from writs and remedies, the group of operative facts out of which a grievance has developed.” (U. S. v. Memphis Cotton Oil Co., 288 U. S. 62, 68; see also Abrams v. Maryland Cas. Co., 300 N. Y. 80, 86.)
Basically the term connotes a legal wrong which gives rise to a remedial right of action. As used in CPLR 3211, I believe it means something more. CPLR 3211 was particularly intended to supplant the former Rules of Civil Practice, governing applications for judgment affecting pleadings. 11 The former motions for judgment dismissing the complaint, one or more causes of action stated therein, or a counterclaim have been replaced by a single omnibus motion, before answer, for judgment dismissing one or more causes of action asserted against the moving party ” (6 Carmody-Wait 2d, New York Practice, § 38:1). A notable exception of course, is a situation where the defendant contests jurisdiction over the person in which case service of a pleading may not be essential. Even this exception may be subject to its own restrictions as for example where CPLR 302 is involved and allegations for jurisdictional purposes should be alleged in a pleading (see Fraley v. Desilu Prods., 23 A D 2d 79).
My attention has been directed to no citation comparable with this instant matter. It may even be true that on dry technical grounds defendant’s contention would be correct if only a matter of pleading were involved. But we need not here be overly concerned with such a mechanical approach. The entire spirit of of article 11-B of the Domestic Relations Law is slanted toward a resolution of matrimonial difficulties by the Conciliation Bureau, uncluttered by pleadings and differences regarding the merits of the controversy. Section 211 forbids service of a complaint until expiration of 120 days or expiration of the conciliation proceedings, whichever may be less. Section 215-e restricts the offer of proof on an application for alimony and counsel fees to the Conciliation Commissioner to financial ability and needs *652 of the parties only. I am strongly inclined to defendant’s view here that if there were a complaint before the court it would be demurrable for insufficiency. But-1 believe also that to further the purposes of conciliation procedures embraced in the Divorce Reform Law any application such as this addressed to the sufficiency of a cause of action should await completion of the conciliation proceeding and service of a complaint.
The motion is therefore denied without prejudice to renewal when and if a complaint is served by plaintiff. The application by defendant for counsel fees may at this stage be. addressed to the Conciliation Commissioner, if she be so advised (Domestic Relations Law, § 215-e).